Booth, Chief Justice,
delivered the opinion of the court:
This case is now before the court upon plaintiff’s motion for a new trial. The plaintiff’s claim was referred to this court by the following act of Congress (44 Stat. 1844):
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Court of Claims is hereby authorized and empowered to hear and determine the claim of Lester P. Barlow against the United States, arising out of the use by the United States of certain inventions of said Lester P. Barlow described by United States Letters Patent Numbered 1317609, 1317610, 1317611, 1317612, 1318955, 1318956: Provided, That within one year from the date of the approval of this Act said Lester P. Barlow shall file in said Court of Claims his petition setting forth the statement of his said claim: And provided further, That section 3477 of the Revised Statutes of the United States, and any statutes of limitation ordinarily applicable, be, and the same are hereby, waived and shall not be considered or applied by the Court of Claims in considering and adjudicating the above-described claim of Lester P. Barlow; and such finding on the law and facts of said claim as the Court of Claims may make shall be reported to Congress: And provided further, That in any such suit the United States may avail itself of any and *283 all defenses, general or special, except as otherwise herein waived: Provided further, That the Court shall further find and report the law and the facts touching any claim by way of offset that the United States may have against the Martin [Marlin] Rockwell Corporation the right to plead which against any claim the said Lester P. Rockwell [Barlow] may assert is hereby recognized.
The gravamen of the present motion is legal error. The final findings of fact are not challenged. The plaintiff insists that the court under the act of Congress should have, awarded the plaintiff a judgment for the sum found upon an accounting, instead of exclusively certifying the findings of fact and opinion to Congress for such action as Congress may determine upon.
The plaintiff cites a great number of cases which bear directly upon the issue raised by the motion. It is, we think, established law that in cases like the present one where ambiguity in the referring act exists and the court is in doubt as to procedure, recourse to the facts and circumstances attending the enactment of the same is available to the court to. ascertain congressional intent. Binns v. United States, 194 U. S. 486.
House Report #1001, Sixty-ninth Congress, first session, discloses that the title to H. R. 10178 contained this language, “A bill to confer jurisdiction on the Court of Claims to hear and adjudicate the claim of Lester P. Barlow against the United States.” The Connnittee eliminated from the title the words “jurisdiction” and “adjudicate” and substituted for them the words “authority” and “determine.” The bill as finally passed uses these words — “hereby authorized and empowered to hear and determine.”
When the bill was first considered by the Senate, i. e., on February 28,1927, it was passed over because of a statement that if it provided for the rendition of a judgment it would be objected to. Subsequently on the same day the bill was again under consideration and it was again passed over because of an objection.
During the second consideration of the bill the following-debate took place:
*284 Mr. Walsh of Montana. I want to call attention to an incongruity in the bill. The Senator from North. Carolina [Mr. Overman] inquired whether the Court of Claims was authorized to render judgment in the-case. According, to the bill, the Court of Claims is to-make findings of law and the facts and report to Congress, as shown in lines 5, 6, and 7, but down at the bottom of the page it is provided that any claim by way of offset which the United States may have against the corporation may be pleaded and set off and deducted from any judgment which the Court of Claims-may render in favor of said corporation.
Mr. OvermaN. It seems to be an inconsistency.
Mr. Walsh of Montana. I suggest to the Senator that he modify it so that the Court of Claims shall find the-facts and the law applicable to any claim of set-off. I. do not think the bill ought.to pass in its present form.
The PresidiNg Officer. Objection is made and the-bill will be passed over. The clerk will state the next, bill on the calendar.
The bill was for the third time under consideration on February 28, 1927, and on this occasion an amendment to it-was proposed. This amendment reads as follows:
Provided further, That the court shall further find and report the law and the facts touching any claim by way of offset that the United States may have against the Marlin Rockwell Corporation the right to. plead which against any claim the said Lester P. Barlow may assert is hereby recognized.
Upon the adoption of the amendment the bill was passed by the Senate.
It is therefore apparent from the above proceedings that an intent to grant the court jurisdiction to award a judgment was absent. We say this because the original objections to the passage of the act were predicated upon the fact that under its termg the court could award judgment, and when it was discovered that the jurisdiction of the court was limited to a report to Congress of the facts and law and the-court’s jurisdiction with respect to a counterclaim was inconsistent with this limitation, an amendment was introduced' and adopted to harmonize the two, and this amendment is-in the bill now before us.
*285 On March 2, 1927, the following proceedings took place in the House of Bepresentatives:
Mr. Hooper. Mr. Speaker, I ask unanimous consent to take from the Speaker’s table the bill (H. B. 10178) to confer authority on the Court of Claims to hear and determine the claim of Lester P. Barlow against the United States, with the Senate amendment, and agree to the Senate amendment.
The Speaker. Is there objection to the request of the gentleman from Michigan?
There was no objection.
The Senate amendment was read.
The Senate amendment was agreed to.
It is true that the second proviso to the act uses this language — “the Court of Claims in considering and adjudicating the above-described claim,” but it is also true that in this same connection these words appear: “and such finding on the law and facts of said claim as the Court of Claims may make shall be reported to Congress” [italics supplied], and this same language is repeated in the fourth proviso of the act with reference to the claim by the Government by way of set-offs, the court being required to report the law and the facts. Congress having twice commanded the court to report the law and facts respecting every phase of the controversy referred indicates,. in our opinion, that they intended to reserve final action upon this claim. Congress knew of the statute which requires an annual report of our judgments, etc., to that body, and if this language means no more than to embrace the same it is surplusage. We think it was inserted for a purpose.
Tn ordinary Congressional references under Section 151 of the Judicial Code by one house of Congress the court does not report the law and the facts of the case. We report the facts, and when an act of Congress exacts in express language a report of both the facts and law to Congress it is manifest that the court may not disregard this command. In our annual report to Congress we do not go into any such ■detail, and from this annual report Congress could not ascertain the legal reasons for rendering a judgment in a given case, or sufficient information upon which to rest independent consideration of the cases reported.
*286 The plaintiff stresses the fact that the special act uses this language, “the Court of Claims in considering and adjudicating the above described claim of Lester P. Barlow,” which, taken in connection with the clauses which precede them, indicates that a case for judgment is intended.
It is true that in some of the cases cited in plaintiff’s brief determinative significance was given to the word “adjudicate,” and it was held that the use of the word in its connection with the context of the entire act gave the court jurisdiction to render judgment. United States v. Irwin, 127 U. S. 125. In that case the language used was precise; the court was to adjudicate it “according to law.” The act itself conferred jurisdiction and provided a remedy where none had existed before.
The remaining cases brought to the attention of the court by plaintiff exhibit, we think, judicial adherence to the fundamental rule of statutory construction wherein the ascertainable intent of the legislative body is the conclusive factor in determining the scope and meaning of an act. Special jurisdictional acts are to be strictly construed, Schillinger v. United States, 155 U. S. 163, and if the language of the act indicates a congressional intention to withhold jurisdiction from the court to render a judgment and simply report the law and the facts to Congress, it is, we think, when taken into consideration along with the legislative procedure which granted the right, the duty of the court to follow the direction. Especially is this true if the contention involves an element of doubt. Blackfeather v. United States, 190 U. S. 368.
The special jurisdictional act in this case does not provide for a review of our decision by the Supreme Court, and while the absence of such a provision is not conclusive evidence of an intent to withhold jurisdiction to render a judgment, it is a fact which may be taken into consideration and given weight in ascertaining legislative intent. The court is unaware of any established precedent which fixes the rate of interest to be allowed in eminent domain cases as a part of just compensation. Shoshone Indians v. The United States, 85 C. Cls. 331, affirmed by the Supreme Court April 25, 1938 *287 (304 U. S. 111). We believe the rate which we fixed in this case is ample to make up just compensation for the taking of the plaintiff’s patents.
The motion for a new trial is overruled. The findings of fact and opinion heretofore rendered {infra), together with this opinion, will be certified to Congress. It is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Geeen, Judge, concur.